UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-60839-CIV-COOKE/BANDSTRA

DANA JONES, *et al.*,

     *Plaintiffs*,

v.

KENNETH C. JENNE, II, *et al.*,

     *Defendants*.

_____/

## ORDER GRANTING MOTION TO DISMISS COUNT 13 OF PLAINTIFF'S COMPLAINT

This matter is before me on Defendant Broward County's Renewed Motion to Dismiss Count 13 of Plaintiff's Complaint [D.E. 70], filed on April 1, 2008. Plaintiffs filed their Response [D.E. 75] on April 8, 2008. Defendant filed its Reply [D.E. 14] on April 15, 2008. After reviewing the Motion, I find, for the reasons stated below, that Defendant's Motion should be granted.

### I. BACKGROUND

Plaintiff, Dana Jones, was a pretrial detainee in Broward County jail from November 2004 to December 2005, when he was released from custody. Compl. ¶¶ 23, 53, Exhibit H. While in custody, Jones was attacked and seriously injured by other inmates. Compl. ¶¶ 35-38. Correction officers may have been actively or passively involved in initiating the attack. Compl. ¶¶ 43-52.

To redress the injury sustained while in custody, Jones initiated this case against multiple defendants advancing state and federal causes of action. Among the defendants named in the complaint is Broward County. Count 13 of the Complaint requests Preliminary and Permanent Injunctive Relief requiring Broward County to be financially responsible for the cost of Jones's medical care and treatment and to declare that the lien asserted by North Broward Hospital District

against Jones be deemed null and void as the County is responsible for his medical bills. Compl. at 50-51.

## II.  MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Financial Network National Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* To survive a motion to dismiss, a complaint must plead enough factual matter, that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

## III.  ANALYSIS

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc*., 376 F.3d 1092,1097 (11th Cir. 2004). The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success. *Id.*

Broward contends that Jones is not entitled to injunctive relief because he has no likelihood of success on the merits. Broward asserts that Florida Statute § 901.35, which Jones is relying on to obtain injunction for his medical costs, is inapplicable. Renewed Motion at 3-4. In its Renewed Motion, Broward advances two alternative grounds for dismissal of Count 13: Jones's lack of standing to sue under § 901.35; and § 901.35(2) limitation of county's obligation until the time of release. *Id.*

First, Broward claims that Jones has no standing under Florida Statutes § 901.35 because it addresses the medical provider's right of reimbursement, not the inmate's. Renewed Motion at 3. Florida Statute §901.35 provides in relevant part that "[t]he provider of such services shall seek reimbursement for the expenses incurred in providing medical care, treatment, hospitalization, and transportation" from the county "[u]pon a showing that reimbursement from the sources listed in subsection (1) is not available." § 901.35, Fla. Stat. Jones argues that, since the language of the statute does not specifically state that "only" medical providers can seek reimbursement, the statute does not preclude Jones from suing. Response at 2. The language of the statute is unambiguous. It authorizes providers of medical services to seek reimbursement for the expenses incurred in providing medical care, treatment, hospitalization, and transportation of indigent inmates. §901.35, Fla. Stat. Inmates cannot seek "reimbursement" for expenses they never paid. See Reply at 3. Therefore, §901.35 does not give Jones standing to seek payment of his medical costs by the County.

Alternatively, Broward argues that, under §901.35(2), its responsibility for Jones's medical expenses ceased when Jones was released from custody. Renewed Motion at 4. Under §901.35(2) "[t]he responsibility for payment of such medical costs shall exist until such time as an arrested person is released from the custody of the arresting agency." §901.35(2), Fla. Stat. The language of the statute clearly limits the county's responsibility for payment of an inmate's medical costs to the period between the arrest and release. *See also N. Brevard County Hosp. Dist. v. Brevard County Bd. of*

*County Comm'rs*, 899 So.2d 1200 (5th DCA 2005) (holding that, under the statute, governmental entity's responsibility for medical expenses of indigent prisoner lasts during the time the prisoner is in custody of the arresting agency).  Jones was released from custody by a court order in December 2005.  Compl. at ¶ 53.  Jones's assertion that his release should not have any bearing on the county's responsibility because he did not consent to the release is not supported by the language of the statute. Response at 4. *See* §901.35(2), Fla. Stat.  Therefore, the county's obligation under §901.35 ceased on the date of the Release Order.[1]

## *IV. CONCLUSION*

For the reasons discussed above, Defendant Broward County's Renewed Motion to Dismiss Count 13 of the Complaint [D.E. 70] is granted.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of June 2008.

MARCIA G. COOKE
United States District Judge

cc:
*Honorable Ted E. Bandstra*
*All Counsel of Record*

---

[1] Section 901.35 limits the County's liability for the medical costs of an indigent prisoner while in custody of the arresting agency.  The statute does not preclude the County's liability for compensatory damages, including the cost of post-release medical care, if the County is found liable for the injuries. Count 12 of the Complaint here advances a claim under 42 U.S.C. §1983 against Broward County, seeking compensatory damages from the County.  Section 901.35 does not limit the County's liability under Count 12 of the Complaint.